JS - 6          LINK: 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10846 GAF (JCGx) | Date | February 15, 2013 |
|---|---|---|---|
| Title | Orlena Hart v. United States of America | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          **(In Chambers)**

## ORDER DISMISSING CASE

This Federal Tort Claims Act ("FTCA") action was originally filed as a small claims action in Los Angeles County Superior Court against Eric Larson.  (Docket No. 1 [Not. of Removal ("Not.")] ¶ 1, Ex. 1 [Compl.].)  Plaintiff Orlena Hart brought her claim for $2,500 for "violating [her] rights," for "harassment", and because "[she] want[ed] [her] paperwork regarding the case."  (Compl. ¶ 3.)  Plaintiff alleged no facts specifying how her rights were violated, the nature of the paperwork she was allegedly denied, the identity of Eric Larson, or where Mr. Larson was employed.  On December 20, 2012, the United States substituted itself as defendant in place of Eric Larson, on the grounds "that Eric Larson was acting within the course and scope of his employment at all times relevant to the events in this action."[1]  (Docket No. 2; see also Not. Ex. 2 [Certification of the United States Attorney].)  The United States then removed this action pursuant to 28 U.S.C. § 2679(d)(2).  (Not.)

On January 29, the Court granted the United States' motion to dismiss for lack of subject matter jurisdiction, as Plaintiff had alleged no facts demonstrating that she had satisfied the administrative remedies required under the FTCA.  (Docket No. 7 [1/29/13 Order] at 3.)  Furthermore, the United States indicated it had "'located no record of any FTCA claim filed by Orlena Hart.'"  (Id. (citing Docket No. 4–1 [Declaration of Tracey Sasser ("Sasser Decl.")] ¶ 4.))  Despite the fact that "generally speaking, a jurisdictional flaw such as failure to exhaust remedies cannot be cured by amendment," the Court granted Plaintiff leave to amend because it

---

[1] Filings from the United States seem to indicate that Eric Larson is in some way connected to the United States Department of Education.  (Docket No. 4-1, [Declaration of Tracey Sasser ("Sasser Decl.")] ¶ 1.)

JS - 6    **LINK: 7**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10846 GAF (JCGx) | Date | February 15, 2013 |
|---|---|---|---|
| Title | Orlena Hart v. United States of America | | |

was "not entirely clear from Plaintiff's Complaint what other claims she [wa]s intending to assert (i.e. non-tort claims regarding the paperwork she requests)." (Id.)  The Court directed Plaintiff to "file an amended complaint **no later than close of business on Monday, February 11, 2013**," and cautioned that "**[f]ailure to file an amended complaint by this deadline w[ould] be deemed consent to dismissal without prejudice of this action.**" (Id. (emphasis in original))

    To date, Plaintiff has not filed an amended complaint—in fact, she has provided no response whatsoever to the Court's January 29 Order.  The Court is therefore left with no alternative but to dismiss the action.  Accordingly, Plaintiff's Complaint is **DISMISSED**.

    **IT IS SO ORDERED.**